FILED
SUPERIOR COURT
OF GUAM

2018 MAY 24 AM 10: 53

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **JEFFREY JR. C. CEPEDA,**<br><br>**PLAINTIFF,**<br><br>vs.<br><br>**RASIA M. CEPEDA**<br><br>**DEFENDANT.** | **DOMESTIC CASE NO.: DM0667-17**<br><br>**DECISION AND ORDER**<br><br>(Plaintiff's Request to Enter Default Judgment and Defendant's Motion to Set Aside Entry of Default) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 8, 2018 on Rasia M. Cepeda's ("Defendant") Motion to Set Aside Entry of Default and for Leave to File Answer and Counterclaim. Jeffrey Jr. C. Cepeda's ("Plaintiff") oral request for Default Judgment, made at the hearing on March 8, 2018, is also pending before the Court. Attorney Catherine Bejerana Camacho appeared on behalf of the Defendant. Attorney Daniel S. Somerfleck appeared on behalf of the Plaintiff. Upon review of the written and oral arguments presented by the Parties, the Defendant's Motion to Set Aside the Entry of Default in this Matter is hereby **GRANTED**. The Entry of Default, entered on the docket in this matter by the Clerk of Court on February 8, 2018, is hereby **VACATED**. The Defendant is granted leave to file an Answer to the Complaint within twenty-one



DM0667-17 Cepeda v. Cepeda                                                                 Page 1 of 7
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)

days from the filing of this Decision and Order. Because the Court has set aside the Entry of Default, the Court finds the Plaintiff's Request for Default Judgment is **MOOT**.

## BACKGROUND

The Complaint in this matter was filed on December 20, 2017. The Plaintiff seeks divorce on the ground of irreconcilable differences. Compl. ¶ VI (Dec. 20, 2017). Additionally, the Plaintiff seeks joint legal and physical custody of, and an order of child support for, the Parties' two minor children I.G.Q.C. (DOB: 12/24/2009) and S.F.Q.C. (DOB: 03/22/2012). Id. at ¶ VII.

On February 8, 2018, the Plaintiff filed a document captioned "Request to Enter Default and Entry of Default." In that document, the Plaintiff requested that the Clerk of Court enter default the docket for failure of the Defendant to appear and answer the complaint within the time allowed. The Clerk of Court entered default on the Docket in this Matter on February 8, 2018.

The Defendant concedes she received the Summons and Complaint in this matter on December 28, 2017. However, the Defendant does not reside on Guam and has not resided here since July of 2017. On January 31, 2018, the Defendant filed a Petition for Divorce in the Superior Court of Washington, County of Snohomish. Decl. Catherine Bejerana Camacho 2 (Feb. 26, 2018). The Defendant states she filed the action in Washington because that is where she has lived since July 14, 2017. Id. The Defendant alleges that she was subject to physical abuse during the Parties' marriage and further, that the Defendant has a history of substance abuse. Aff. Def. Rasia Cepeda ¶ 7 (Mar. 2, 2018).

On February, 26, 2018, the Defendant filed an Opposition to Plaintiff's Motion for Default Judgment, and a Motion to Set Aside Entry of Default and for Leave to file an Answer and Counterclaim for Divorce. Both Parties appeared at a hearing on March 8, 2018 and the Court took the Motion to Set Aside Entry of Default under advisement.

## DISCUSSION

The Defendant argues the entry of default in this matter should be set aside because defaults are disfavored forms of remedy and deciding cases on their merits is preferred. See Opp'n Pl's Mot.

DM0667-17 Cepeda v. Cepeda                                                          Page **2** of 7
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)

Default J.; Def's Mot. Set Aside Entry Default and For Leave File Answer and Countercl. for Divorce 4 (Feb. 26, 2018).

Rule 55(c) of the Guam Rules of Civil Procedure provides "[f]or good cause shown, the court may set aside an entry of default . . . ." Guam R. Civ. P. 55(c) (2014). The Supreme Court of Guam has held the same grounds are used to determine whether good cause exists to set aside an entry of default or a default judgment. See Adams v. Duenas, 1998 Guam 15 ¶ 5. However, the "standard is less rigorous when examining a motion to set aside entry of default than for default judgments . . . ." Id. However, "default judgments are generally disfavored and deciding a case on its merits is encouraged whenever possible." Id.

The Supreme Court adopted the Ninth Circuit Court of Appeals test for whether to set aside default judgments and by extension entries of default. See Midsea Industrial, Inc. v. HK Engineering, Ltd., 1998 Guam 14 ¶ 5 (citing Falk v. Allen, 739 F.2d 461 (9th Cir. 1984); see also, Adams, 1998 Guam 15 at ¶ 5. Courts should set aside an entry of default if "(1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." Adams, 1998 Guam 15 at ¶ 5. The three elements are applied "disjunctively rather than as a balancing test." Duenas v. Brady, 2008 Guam 27 ¶ 28. This means that if one of the three elements is present, then a denial of a motion to set aside is appropriate. See Midsea Indus., 1998 Guam 14 at ¶ 6 (citing Cassidy v. Tenorio, 856 F.2d 1412, 1415-16 (9th Cir. 1988)). Therefore, the Court will discuss each element separately below, keeping in mind the Supreme Court's pronouncement that the standards for setting aside an entry of default are less rigorous than for setting aside a default judgment.

**i. Whether the Defendant's culpable conduct led to the entry of default.**

Applying the culpable conduct element to a party's failure to answer a complaint, the Ninth Circuit has found a defendant's conduct is culpable in leading to the entry of default when the defendant "has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Productions Inc. v. Albright, 862 F.2d 1388, 1391-92 (9th Cir. 1988). A "[n]eglectful failure to answer as to which the defendant offers a credible, good faith

DM0667-17 Cepeda v. Cepeda                                                      Page 3 of 7
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)

explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by* Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001).

Here, no argument has been put forward that the Defendant's conduct intended to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. What appears to have occurred is that the Defendant received the Summons and Complaint in this matter and met with a lawyer in Washington. The Defendant filed a Petition for Divorce in Washington on January 31, 2018. Thus, while the Court recognizes that the Defendant failed to timely answer the Complaint in this matter, the Court finds that the Defendant was active in addressing the claims for divorce and custody on the merits.

The Court concludes that the entry of default was not a result of the Defendant's culpable conduct because the Defendant was active in addressing the claims for divorce and custody on their merits (albeit in another jurisdiction), and finally because of the lack of any argument demonstrating that the Defendant's culpable conduct led to the entry of default.

### ii. **Whether the Defendant has no meritorious defense.**

The Ninth Circuit has held, in order to "demonstrate the existence of a meritorious defense, a party must offer up more than mere conclusory assertions but must present specific facts that would constitute a defense if the litigation was permitted to proceed." TCI Group, 244 F.3d at 700 (internal citations omitted). The court "must determine whether there is some possibility that the outcome of the suit after a full trial would be contrary to the result achieved by the default." Midsea Indus., 1998 Guam 14 ¶ 10. While the burden is on the party seeking to vacate the default, the burden "is not extraordinarily heavy; the only requirement is that a sufficient defense is assertible [sic] and litigation of the claims would not be a wholly empty exercise." Id. Put another way, "all that is necessary is to allege sufficient facts that if true, would constitute a defense; the question of whether the factual allegation is true is not to be determined by the court when it decides the motion to set

DM0667-17 Cepeda v. Cepeda                                                      Page **4** of **7**
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)

aside the default. Rather that question would be the subject of later litigation. <u>Pacific Renewable Solutions</u>, WL 1352063 at *4-5; <u>see also</u>, <u>Schwab v. Bullocks, Inc.</u>, 508 F.2d 353, 374 (9th Cir. 1974) (reasoning the success of the defense is not the standard and rather, "[d]efendants' allegations are meritorious if they contain even a hint of a suggestion, which, if proven at trial, would constitute a defense").

Here, the Complaint is for custody of a minor child between two parents and for divorce based on irreconcilable differences. In Guam, Courts considering awarding custody of a minor consider the best interest of the child. <u>See</u> 19 G.C.A. § 8404 (2017); <u>see also</u>, <u>Flores v. Cruz</u>, 1998 Guam 30. Further, the Supreme Court has held that while the best interest of the child controls, Guam does have a preference for joint physical and legal custody. <u>Howerton v. Howerton</u>, 2004 Guam 8 ¶ 14. In determining a custody arrangement in the best interest of the child, courts look to the statutory list of factors at 19 G.C.A. 8404(h) and other factors established in case law. <u>See e.g.</u>, <u>Howerton</u>, 2004 Guam 8 ¶¶ 24-26. The various factors courts considered to determine the best interest of the child look at the fitness of the parties seeking custody, the ability to meet the child's emotional, physical, and other needs, and other relevant considerations.

These principles of law demonstrate to the Court that in determining custody, because the best interest factors are highly fact dependent, adjudication on the merits is more appropriate to determining custody than adjudication by default. This conclusion is buttressed by the preference in Guam law for joint custody and the preference for adjudication of claims on their merits.

In determining whether to grant a divorce, Guam law recognizes the grounds of *inter alia* irreconcilable differences and extreme cruelty. <u>See</u> 19 G.C.A. §§ 8203, 8205, 8219.

Here, the Defendant has alleged physical abuse by the Plaintiff in sworn affidavits before this Court and a court in a foreign jurisdiction. The Defendant has also raised issues about the Plaintiff's alleged substance abuse. If these allegations are proven to be true, then an entry of default and subsequent default judgment in favor of the Plaintiff granting him custody of Parties' two minor children contrary to the best interest of the minor children. Similarly granting divorce on the ground of irreconcilable differences when there are allegations of extreme cruelty also cuts in favor of an

DM0667-17 Cepeda v. Cepeda                                                                 Page 5 of 7
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)

adjudication of the divorce claim on the merits and not by default. Therefore, for the purposes of setting aside the Entry of Default, the Court finds the Defendant has sufficiently shown potential meritorious defenses that could achieve a result different from the potential default sought here. Thus, the Court finds the Defendant has satisfied the requirement of showing a meritorious defense.

### iii. Whether the Plaintiff would be prejudiced if the entry of default is set aside.

Finally, as to whether setting aside the default prejudices the Plaintiff, the Court notes prejudice is determined when the defaulting party moves to set aside. Midsea Indus., 1998 Guam 14 ¶ 14 (citing Cribb v. Matlock Communications, Inc., 768 P.2d 337, 340 (Mont. 1989)). Further the Plaintiff cannot simply "say that lapse of time resulted in prejudice, but instead there must be the presentation of evidence to support those allegations. Midsea Indus., 1998 Guam 14 ¶ 16. Similarly, the Defendant may not just "sit back and claim that the delay in time was inconsequential and presume no prejudice resulted." Id. For a delay to be prejudicial, the delay must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion . . . [b]eing forced to litigate on the merits cannot be considered prejudicial because the plaintiff would have had to litigate the merits of the case had there been no default." Pac. Renewable Energy Sols., 2013 WL 1352063 at *6 (citing TCI Group, 244 F.3d at 701) (internal quotations omitted). Prejudice also exists where the "non-defaulting party's ability to pursue the claim is hindered by substantial reliance on the judgment." Falk, 739 F.2d at 463.

Here, the Plaintiff did not offer any argument that he would be prejudiced were this Court to set aside the Entry of Default. On the other hand, the Defendant engaged an attorney in Guam almost immediately after the Clerk of Court entered default on the docket in this matter. The Defendant has appeared, with such attorney, before this Court entered judgment in favor of the Plaintiff by default. Thus, because no default judgment has been entered, the Court finds the Plaintiff will not be prejudiced by setting aside the Entry of Default. There has been no showing that the Plaintiff took any action in reliance on the Entry of Default. Further, the Defendant acted promptly to set aside the Entry of Default. Therefore the Court finds the prejudice to the Plaintiff element is no bar to this Court setting aside the Entry of Default in this matter.

DM0667-17 Cepeda v. Cepeda                                                                          Page 6 of 7
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** the Defendant's Motion to Set Aside Entry of Default in this Matter. The Entry of Default, entered on the docket in this matter by the Clerk of Court on February 8, 2018, is hereby **VACATED**. The Defendant is granted leave to file an Answer to the Complaint within twenty-one days from the filing of this Decision and Order. Because the Court has set aside the entry of default, the Plaintiff's oral request for entry of Default Judgment is found to be **MOOT**.

A **Status Hearing** is set for **June 21, 2018** at **9:00a.m.**

SO ORDERED ___MAY 2 4 2018___ .

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam



SERVICE VIA COURT P...
that a co... the
original h...was p... in the
court box
C. CAMACHO
Some...
5/24/18 /2pm
Deputy C... Court of G...

DM0667-17 Cepeda v. Cepeda                                                    Page **7** of **7**
DECISION AND ORDER (re Plaintiff's Request to Enter Default Judgment and Defendant's
Motion to Set Aside Entry of Default)